**NOT FOR PUBLICATION**                                          **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                     :
Michael Arizechi,                    :
                                     :          Civil No. 06-CV-5292 (FSH)
                 Plaintiff,          :
                                     :
        v.                           :          **OPINION & ORDER**
                                     :
Internal Revenue Service, et al.,    :
                                     :          Date: February 21, 2008
                 Defendants.         :
_____:

        This matter is before the Court on defendants' motion for summary judgment.  The Court

has made its determination after considering the written submissions of the parties and without

oral argument pursuant to Fed. R. Civ. P. 78.   For the reasons stated below, the defendants'

motion is granted.

## I.  Undisputed Factual Background

        This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

in which plaintiff seeks to enjoin the Internal Revenue Service ("IRS") from withholding

documents in response to two FOIA requests (a June 2005 and a November 2005 request).

### A. Plaintiff's June 2005 Request

        By letter dated June 21, 2005, plaintiff requested records pertaining to himself for the tax

years 2000-2005.  These records included information returns (Forms W-2, K-1, 1098, and

1099), a transcript of plaintiff's tax account, a summary record of assessment, and documents

that are maintained in examination, collection or criminal investigation files.

        Responding to this request, Mr. Joseph Reidy, a senior disclosure specialist in the

Springfield, New Jersey, Disclosure Office of the Internal Revenue Service, checked these records pertaining to plaintiff's request.  Mr. Reidy found that no examination or collection activity existed for the years 2000-2005, but that a criminal investigation did exist pertaining to those years.  This criminal investigation file, containing approximately 3,370 pages, was reviewed in its entirety by Mr. Reidy.  Included in this file was information identifying witnesses or potential witnesses, notes of interviews taken by the special agent conducting the investigation, and copies of tax account transcripts and other return information of taxpayers other than plaintiff.  Based upon his review of the documents and discussions with the assigned special agent, Mr. Reidy determined that disclosure of any of these pages could seriously impair the investigation into whether plaintiff violated the internal revenue laws.

In addition to the criminal investigation file, Mr. Reidy located plaintiff's information return records for the years 2000-2005, and a transcript of plaintiff's tax account covering those same years.  This file contained 137 pages.  Mr. Reidy again determined that disclosure of 2 full pages and 2 partial pages of this material could seriously impair the ongoing law enforcement investigation, and produced the remainder.

By letter dated January 13, 2006, Mr. Reidy informed plaintiff that he withheld all of the documents in the criminal investigation file pursuant to 5 U.S.C. § 552(b)(5) ("Exemption 5"), 5 U.S.C. § 552(b)(6) ("Exemption 6"), 5 U.S.C. § 552(7)(A) ("Exemption 7A"), 5 U.S.C. § 552(7)(E) ("Exemption 7E"), and  5 U.S.C. § 552(b)(3) ("Exemption 3") in conjunction with 26 U.S.C. § 6103(e)(7).  With respect to the tax account transcripts and information as to taxpayers other than plaintiff, Mr. Reidy asserted FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103(a) to withhold the material.  The four pages fully or partially withheld, as discussed in the

2

above paragraph, were withheld pursuant to FOIA Exemptions 7A, 7E, and Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7).

In addition to his FOIA requests, plaintiff's request cited the Privacy Act and 26 U.S.C. § 7602(c) as authority for disclosure of the requested records. Relying on 5 U.S.C. § 552a(j)(2) of the Privacy Act, the IRS determined that none of the requested records described above were available to plaintiff pursuant to the Privacy Act. While § 7602(c) of the Internal Revenue Code generally requires the IRS to notify a taxpayer of its intent to contact third parties with respect to the determination or collection of the taxpayer's liability under Title 26 and to make a record of such contacts available to the taxpayer on request, §7602(c)(3) provides that the requirements of § 7602(c) do not apply with respect to any pending criminal investigation. Thus, any records of third-party contacts that may exist with respect to the investigation of plaintiff were properly withheld.

In sum, in response to the June request, a total of 3,513 pages of documents were located. A total of 136 pages were released in full and 2 pages in part. A total of 3,375 pages were withheld in full and 2 pages withheld in part.

### B. Plaintiff's November 2005 Request

On November 29, 2005, plaintiff submitted a second FOIA request. This request sought records pertaining to the issuance of a summons dated October 17, 2005, and the response to that summons. Ms. Cindy Brooks, Senior Disclosure Specialist in the Andover Campus of the IRS, was assigned to process this FOIA request. After obtaining the file pertaining to the summons from the Criminal Investigation Division ("CID"), reviewing all 1448 pages in the file and discussing the matter with the CID FOIA coordinator, Ms. Brooks determined that 28 pages were

3

exempt from disclosure pursuant to FOIA.  Ms. Brooks relied on FOIA Exemption 7A and Exemption 3 in conjunction with § 6103(e)(7) of the Internal Revenue Code.

In sum, a total of 1,449 pages of records were located in response to the November request.  The IRS released in full 1,421 pages and withheld in full 28 pages.

## II.  Standard of Review

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), a court shall grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is "no genuine issue as to any material fact" and the movant is therefore entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A movant who bears the ultimate burden of proof at trial also bears the burden of showing the absence of a genuine issue of material fact for summary judgment.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004).

In determining whether summary judgment is appropriate, a court must view all facts in the light most favorable to the non-movant and draw all inferences in its favor.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).  To challenge the movant's showing, the non-movant may not rely solely upon the pleadings but must set forth specific facts showing a genuine issue for trial.  Celotex Corp., 477 U.S. at 324.  An issue is genuine if the evidence is such that a reasonable fact-finder could return a verdict in favor of the non-movant.  Anderson, 477 U.S. at 248.  A fact is material if it might affect the outcome of the case.  Id.

Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the

inferences to be drawn from them are construed in the light most favorable to the FOIA

requester. Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983).

**B. FOIA Overview**

Congress enacted FOIA "to facilitate public access to Government documents." U.S.

Dep't of State v. Ray, 502 U.S. 164, 112 (1991).  Undoubtedly, FOIA "reflects a general

philosophy of full agency disclosure to ensure an informed citenzenry, vital to the functioning of

a democratic society."  NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978).  To this

end, FOIA requires governmental agencies to make promptly available any records requested so

long as the request "reasonably describes such records."  Landano v. U.S. Dep't of Justice, 956

F.2d 422, 425 (3d. Cir.).  Nonetheless, there are specific exemptions from disclosure set forth in

FOIA itself.  Because legitimate governmental and private interests could be harmed by release

of certain types of information, Congress sought to reach a workable balance between the right of

the public to know and the need of the Government to keep information in confidence to the

extent necessary without permitting indiscriminate secrecy.  John Doe Agency v. John Doe

Corp., 493 U.S. 146, 152 (1989).  As a result, the FOIA statute has expressly provided

exemptions upon which an agency may rely upon to withhold sensitive information.

**C. Standard of Review for FOIA Challenges**

This Court must decide whether defendants have met their burden to justify withholding

documents.  The FOIA requires a court to conduct a de novo review of an agency's decision to

withhold records from a requesting party.  5 U.S.C. § 552(a)(4)(B).  Where responsive records or

parts of records are withheld, the agency bears the burden to justify its withholdings.  Manna v.

U.S. Dep't of Justice, 51 F.3d 1158 (3d Cir. 1995).  To meet this burden, the agency may submit

5

affidavits which provide a reasonably detailed analysis of the requested documents and the reasons for invoking a particular exemption.  Id. at 1163.

To prevail in a FOIA suit, the defendant agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985).  In conducting its review, however, the court must at all times be aware of the FOIA's segregation requirement which mandates that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."  5 U.S.C. § 552(b).  Therefore, before the court permits an agency to withhold an entire document, the court must determine whether non-exempt information may be excised from the document and released to the requesting party.  Krikorian v. U.S. Dep't of State, 984, F.2d 461, 467 (D.C. Cir. 1993).

A court's review of FOIA cases is difficult because the party seeking disclosure does not know the contents of the information sought and thus cannot contradict the government's description of the information.  Ferri v. Bell, 645 F.2d 1213, 1222 (3d Cir. 1981).  As a result, courts require an agency to prepare a Vaughn index, identifying each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption.  Coastal States Gas Corp. v. U.S. Dep't of Energy, 644 F.2d 969, 984 (3d Cir. 1981).

The function of a Vaughn index and public affidavit is to establish a detailed factual basis for application of the claimed FOIA exemptions to each of the documents withheld.  Thus, when an agency seeks to withhold information, it must provide "a relatively detailed justification,

6

specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  McDonnell v. United States, 4 F.3d 1227, 1241 (3d Cir. 1993).  While there is no set formula for a Vaughn index, the hallmark test is "that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure.  Hinton v. U.S. Dep't of Justice, 844 F.2d 126, 129 (3d Cir. 1988).

In meeting its burden of proof, the government may not rely upon "conclusory and generalized allegations of exemptions."  Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973).  On the other hand, the government need not specify its objections in such detail as to compromise the secrecy of the information.  Id.  Therefore, if the agency supplies a reasonably detailed affidavit describing the document and facts sufficient to establish an exemption, then the district court need look no further in determining whether an exemption applies. Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738 (9th Cir. 1979).  The trial judge may rely on the affidavits to determine whether an agency has met its burden of proof.  Davis v. CIA, 711 F.2d 858, 860 (8th Cir. 1983).  The declaration submitted is to be accorded a presumption of good faith.  Safeguard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1983).

An agency is entitled to summary judgment if its affidavits describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.  American Friends Serv. Comm. v. U.S. Dep't of Defense, 831 F.2d 441, 444 (3d Cir. 1987).

### III.  November 2005 FOIA Request - Exhaustion of Administrative Remedies

As noted above, the plaintiff filed a November 2005 FOIA request in addition to his June 2005 FOIA request.  Because each request presents different issues for the Court to decide, each request will be discussed in turn.

With regard to his November 2005 FOIA request, plaintiff contends that the IRS failed to respond within the applicable time limits established by the FOIA statute.  The facts show that the plaintiff's November 2005 FOIA request was received by the IRS on December 5, 2006.  On January 3, 2006 the IRS responded to this request but did not produce records in response to the request until April 27, 2006.  Plaintiff filed suit on November 3, 2006.  Defendants claim that this Court lacks jurisdiction over the November 2005 FOIA request because plaintiff failed to exhaust his administrative remedies.  Thus, the initial question before us is whether appellant must exhaust his administrative remedies before seeking judicial review.

Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.  McKart v. United States, 395 U.S. 185, 194 (1969).  The relevant deadlines for agency responses to FOIA requests and appeals are set out in 5 U.S.C. § 552(a)(6)(A): the agency must respond to a FOIA request within twenty days of receipt of the request, and must respond to an appeal within twenty days of receipt of the appeal.  With respect to exhaustion of administrative remedies, FOIA permits a requester to file a lawsuit when twenty days have passed without a reply from the agency indicating that it is responding to his request.  5 U.S.C. § 552(a)(6)(c).  However, that option lasts only until an agency actually responds.  Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  Once the

agency has responded to the request, the plaintiff may no longer exercise his option to go to court immediately.  Id.  Thus, if the agency responds to a FOIA request before the requester files suit, the twenty-day constructive exhaustion provision in 5 U.S.C. § 552(a)(6)(c) no longer applies; actual exhaustion of administrative remedies is required.  Id.

An administrative appeal is mandatory if the agency cures its failure to respond with the statutory period by responding to the FOIA request before suit is filed.  The twenty-day constructive exhaustion provision under 5 U.S.C. 552(a)(6)(c) allows immediate recourse to the courts to compel agency response; once the agency responds to the request, however, plaintiff must exhaust his administrative remedies before seeking judicial review.  On February 16, 2006, the agency responded, denying disclosure of the requested documents.  Plaintiff was then required to exhaust his administrative remedies by filing an administrative appeal.  He did not do so.  Therefore, this Court declines to review plaintiff's November 2005 request for failure to exhaust administrative remedies and will grant summary judgment as to the November 2005 FOIA request.

## IV.  June 2005 FOIA Request

### A.  Analysis of Specific Documents Withheld

*1. "Summonses Issued to Witnesses"*

With regard to his June 2005 FOIA Request, plaintiff first objects to a total of 7 pages being withheld by the defendants described as "Summonses issued to Witnesses."  Defendants rely on FOIA Exemptions 5, 7A, 7C, 3 in conjunction with IRC § 6103(e)(7) and Exemption 3 in conjunction with IRC § 6103(a) as justification for withholding these documents.

Exemption 7A applies to "records or information compiled for law enforcement purposes,

but only to the extent that they could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(7)(A).   In originally enacting Exemption 7, Congress recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it came time to present their cases.  NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978).  The standard to prevail on an Exemption 7A claim is as follows: (1) the information withheld was compiled for law enforcement purposes, and (2) disclosure would produce one of the specified harms enumerated in the statute.  Davin v. U.S. Dep't of Justice, 60 F.3d 1043, 1054 (7th Cir. 1995).

        The term "law enforcement" has been applied to enforcement through civil, criminal, or regulatory proceedings, and case law has interpreted "interference" broadly.  Courts have found that Exemption 7A protects against disclosure of documents which would interfere with enforcement proceedings by revealing the identities of potential witnesses, the nature, scope, direction, and limits of the investigation, the transactions being investigated, information concerning third-party contacts, the evidence obtained to date, the reliance the agency places on the evidence, and the Government's strategies and theories.  Curran v. U.S. Dep't of Justice, 813 F.2d 473, 474 n.1 (1st Cir. 1987); Spannaus v. U.S. Dep't of Justice, 813 F.2d 1285, 1288 (4th Cir. 1987); Barney v. IRS, 618 F.2d 1268 (8th Cir. 1980); Lewis v. IRS, 823 F.2d 375, 379 (9th Cir. 1987) (stating that the government need only make a general showing that the disclosure of the records would interfere with the enforcement proceedings).

        Here, the defendants have submitted affidavits from both the Supervising Special Agent and the attorney assigned to this case from the Office of Chief Counsel for the IRS.  These

individuals have reviewed the documents, attest that the information withheld as exempt under Exemption 7A could harm the IRS' case against the plaintiff, and provided a sufficiently detailed description of how the documents are exempt from disclosure. The defendants' submissions have met its burden to justify the withholding of the summonses issued to witnesses under FOIA Exemption 7A. While FOIA generally requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection," the segregation requirement of 5 U.S.C. § 552(b) is futile in the case of summonses issued to witnesses. Redaction of names and addresses of the witnesses and releasing a blank summons would serve no purpose and is not required.

The Court finds that the defendants properly withheld the documents at issue under FOIA Exemption 7A.

2. *"Special Agent's notes in preparation for interviewing the witnesses."*

Plaintiff next objects to the defendants' withholding of documents described as "Special Agent's notes in preparation for interviewing the witnesses, and notes taken during the interview." These documents are being withheld on the basis of FOIA Exemptions 5, 7A, 7C, 3 in conjunction with IRC § 6103(e)(7) and Exemption 3 in conjunction with IRC § 6103(a). Defendants assert that disclosing such documents would reveal pre-decisional thoughts and analysis of IRS employees, and therefore invoke the deliberative process privilege as incorporated into FOIA Exemption 5. In defendants' Vaughn index, the basis for the objection is spelled out: "the notes reveal the agent's analysis of the case, the questions he planned to ask, and the direction of the investigation." Plaintiff contends that the defendants have not shown that the documents are sufficiently "pre-decisional" in nature.

11

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency."  Courts generally recognize this exemption to encompass, among other things, the governmental deliberative privilege, the attorney-client privilege, and the attorney work-produce doctrine.  FTC v. Grolier, Inc., 462 U.S. 19, 20 (1983).  Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5.  NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 154-55 (1975).  A document is said to be "pre-decisional" when it is received by the decision-maker on the subject of the decision prior to the time the decision is made, and deliberative when it reflects the give-and-take of the consultative process.  Norwood v. FAA, 993 F.2d 570, 576 (6th Cir. 1993).

The notes at issue in this case concern pre-decisional thought processes, analyses, and deliberations of IRS personnel.  The defendants have described the documents in sufficient detail that a rational connection may be inferred.  This is precisely the type of pre-decisional and deliberative material which FOIA Exemption 5 was designed to protect.  The documents are protected from disclosure under Exemption 5 and the Court need not address the other exemptions cited by defendants.

### 3. "Transcript pages of plaintiff's tax account"

Plaintiff next attacks the validity of the exemptions claimed with regard to documents described as "transcript pages of plaintiff's tax account."  These documents are withheld on the basis of FOIA Exemptions 5, 7A, and 3 in conjunction with IRC § 6103(e)(7).  The plaintiff is currently under criminal investigation with regard to his tax returns for the years 2000-2005.  Plaintiff argues, *inter alia*, that the documents pertain to himself and are already known to him

and would not interfere with the on-going investigation.

FOIA Exemption 3 allows an agency to withhold information prohibited from disclosure by another statute.  Tax returns and return information may be disclosed to a taxpayer, his designee or other specific persons specified in § 6103(e) only if the Secretary or the delegate of the Secretary determines "such disclosure would not seriously impair Federal tax administration."  § 6103(e)(7).  It is well settled that § 6103(e)(7) is a statute which prohibits disclosure of the type described in FOIA Exemption 3.  Currie v. IRS, 704 F.2d 523, 27 (11th Cir. 1983); Linsteadt v. IRS, 729 F.2d 998 (5th Cir. 1984); Chamberlain v. Kurtz, 589 F.2d 827 (5th Cir. 1979).

Here, the delegate of the Secretary has determined that disclosure of the documents at issue in this case would seriously impair tax administration.  The documents are further described as "transcript pages of plaintiff's tax account which identify the specific activity that is the focus of the criminal investigation."  Disclosure of such material would "seriously impair Federal tax administration."  The documents at issue do not "contain solely information already known to plaintiff," based on defendants' representation that these records identify the specific activity that is the focus of their investigation.  Having found this representation to be adequate, the Court finds that the defendants properly withheld the documents at issue under FOIA Exemption 3 in conjunction with § 6103(e).

**B.  Privacy Act**

As a final effort to obtain the documents in question, plaintiff asserted the Privacy Act as an independent basis for the release of the records.  The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally

13

allows individuals to gain access to government records pertaining to them and to request correction of inaccurate records."  <u>Gowan v. U.S. Air Force</u>, 148 F.3d 1182, 1187 (10th Cir. 1998).  Specifically, the Privacy Act provides that "[e]ach agency that maintains a system of records shall...(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof..."  5 U.S.C. § 552a(d).

In much the same way that FOIA limits disclosure of certain documents, the Privacy Act limits the circumstances under which government agencies may disclose certain information contained in an individual's records.  In support of its refusal to release the subject records, the defendants rely upon subsection (j) of the Privacy Act, which permits "an agency to promulgate rules to exempt a system of records maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws...and which consists of information compiled for the purpose of a criminal investigation."  5 U.S.C. § 552a (j)(2).  Among the IRS' (j)(2) systems of records is 46.002, "Criminal Investigation Management Information System."  This system of records pertains to "personal and financial information developed in criminal tax investigations, potential tax investigations and in projects including information from other Federal, state and local agencies."  Plaintiff erroneously contends that because the IRS has many functions aside from the enforcement of criminal tax laws, the IRS is not the type of law enforcement agency "which performs as its principal function any activity pertaining to the enforcement of criminal laws."

The facts show that all responsive documents to plaintiff's request are part of a system of

records entitled 46.002 "Criminal Investigation Management Information Systems," *66 Federal Register* 63842 (December 10, 2001); 31 C.F.R § 1.36(c).  This system of records is specifically exempt under subsection (j)(2) from the civil remedies of the Privacy Act.  <u>Unger v. United States</u>, 86 AFTR.2d 2000-6669 (N.D. Ohio 2000); <u>Yon v. IRS, 671 F.Supp. 1344 (S.D. Fla 1987)</u> (court held unnamed criminal tax systems of records exempt under subsection (j)(2)).  Accordingly, these records are not disclosable to the plaintiff pursuant to the Privacy Act.

**V.  Conclusion**

The IRS has conducted an adequate search for any possible records in response to plaintiff's FOIA requests.  Records were located but withheld on the basis of certain exemptions contained in the FOIA statute.  The Court is satisfied that the IRS has met its burden to establish the claimed exemptions.  The withheld information is exempt from disclosure pursuant to FOIA.  Defendants' motion for summary judgment is **GRANTED**.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.